**Ueon BAK, Plaintiff—Appellant,**

v.

**John E. POTTER, Postmaster General, United States Postal Service (Pacific Area) Agency; United States Postal Service, Defendants—Appellees.**

No. 10–56924.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 19, 2011.*

Filed Jan. 10, 2012.

Ueon Bak, Midway, CA pro se.

Before: GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

MEMORANDUM **

Ueon Bak appeals pro se from the district court's order denying his request for leave to proceed in forma pauperis. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the determination that a complaint lacks arguable substance in law or fact, and for an abuse of discretion the denial of leave to proceed in forma pauperis. *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir.1987). We affirm.

The district court properly concluded that "the face of the proposed complaint" showed that Bak's claims had "no arguable

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

substance in law or fact." *Id.* at 1370; *see also* 42 U.S.C. § 2000e–5 (establishing Title VII's administrative exhaustion requirement, as well as the time for a claimant to file an administrative charge and a civil action); Cal.Civ.Proc.Code §§ 335.1, 338(d) (establishing a two-year statute of limitations for personal injury claims, and a three-year statute of limitations for fraud claims); *Legg v. Ford,* 185 Cal.App.2d 534, 8 Cal.Rptr. 392, 397 (Ct.App.1960) ("Subornation of perjury, being a crime and not a tort, is subject to criminal prosecution brought in the interest of the state and not to redress a private wrong."). Accordingly, the district court did not abuse its discretion by denying Bak's request to proceed in forma pauperis.

Bak's remaining contentions are unpersuasive.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.